## Commonwealth v. Lacich

*Donald R. McKay*, for Commonwealth.
*John J. Regule*, for petitioners.

STRANAHAN, J., November 22, 1966.—On July 8, 1965, a criminal complaint was filed against defendants, Robert P. Lacich and Georgia Lacich, by Gustav Ulrich, Hickory Township Zoning Administrator. The complaint charged defendants with a violation of Section 43.45(B) of the Zoning Ordinance of Hickory Township. Said complaint sets forth facts which indicate that defendants installed a structure to house a chiller for an air conditioning system less than five feet from their property line. This apparently is a violation of the zoning ordinance.

As a result of all this, a hearing was held, at which time the justice of the peace found defendants guilty and sentenced them to pay a fine of $50 to the use of Hickory Township, together with the costs. Defendant then filed a petition for certiorari in the Court of Quarter Sessions of Mercer County at September sessions, 1965, no. 65, and also filed a petition for appeal in the court of common pleas at September term, 1965, no. 257. A motion to strike the appeal and a motion to strike the petition for certiorari were filed by Hickory Township. The reasons for the motion to strike are immaterial to this opinion.* No hearing was ever held on the motions to strike. On July 8, 1966, the Solicitor of Hickory Township wrote a letter to Mr. and Mrs. John Bosco, who owned property adjoining defendants' property, advising them that Hickory Township no longer had any interest in this matter and did not wish to pursue it further. The letter continued by indicating that if Mr. and Mrs. Bosco desired to contest the appeal on their own, they had the right to do so. As a result of this, Mr. and Mrs. Bosco, through their own attorney, filed a petition to intervene as party plaintiff in this

---

\* One reason alleged is that the Township of Hickory is the proper party plaintiff, rather than the Commonwealth of Pennsylvania.

matter and obtained a rule to show cause why they should not be allowed to intervene. To this defendants filed an answer.

The sole question before this court is whether an adjoining property owner can intervene in an action brought by the township to enforce a breach of a township zoning ordinance.

The intervening parties argue that a proceeding to enforce an ordinance of this type is civil in nature, rather than criminal, and, therefore, the rules of civil procedure should apply. Since the Pennsylvania Rules of Civil Procedure apply, the intervening parties reason that their right to intervene is covered by rule 2327. Under that rule, it provides in part:

"At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if . . .

"(3) such person could have joined as an original party in the action or could have been joined therein; or

"(4) the determination of such action may affect any legally enforceable interest of such person whether or not he may be bound by a judgment in the action".

Defendants further argue that Mr. and Mrs. Bosco qualify under either subsection 3 or 4 above since, as interested citizens, they could have brought the prosecution for violation of the ordinance. Also, it is argued that under subparagraph 4, the determination of this case will clearly effect a legally enforceable interest of Mr. and Mrs. Bosco.

We disagree with this. This action is brought for the purpose of recovering a penalty from defendants. The penalty is a fine of $50 to the use of Hickory Township, together with costs. While it is true that citizens may commence an action to enforce a zoning ordinance, this type of action should be brought in the name of Hickory Township. It is not brought in the name of the citizen if the action is for the sole purpose of collecting a pen-

alty for violating the township's ordinance. Mr. and Mrs. Bosco could not have joined as an original party, nor could they be joined as a party. It is true that private citizens may bring other types of action in their own names, such as a bill in equity, but that is not the situation here.

We fail to see where any legally enforceable interest of Mr. and Mrs. Bosco is in any way involved here. The sole question is whether a fine of $50 must be paid by defendants, and that in no way concerns Mr. and Mrs. Bosco any more than it would concern any of the other property owners in Hickory Township. We, therefore, hold that petitioners have no right to intervene.

We do not pass upon the question of whether the rules of civil procedure apply, since the right to intervene does not exist regardless of what rules apply.

We would suggest that Mr. and Mrs. Bosco might proceed in this matter as private prosecutors without intervening, in which case this matter would continue in its present form, but possibly counsel for Mr. and Mrs. Bosco, with permission of the township, could appear and conduct the case. The other remedy available to Mr. and Mrs. Bosco is obvious and certainly would be more effective. That remedy is for them to proceed with a bill in equity, asking the court to enjoin defendants from doing those things which might affect the use of the Bosco property.

We, therefore, hold that the rule to show cause why John A. Bosco and Hazel L. Bosco should not be permitted to intervene is dismissed.

## ORDER

And now, November 22, 1966, the rule to show cause why John A. Bosco and Hazel L. Bosco should not be permitted to intervene in this matter is dismissed.